


# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. LA 99-13306-SB |
| | Adv. No. LA 04-02641-SB |
| KYE SOON CHUNG and HONG JA CHUNG, | |
| | CHAPTER 7 |
| Debtors, | |
| | |
| LAWRENCE C. NEVENS, TRUSTEE OF THE MARTHA NEVENS TRUST, | **ORDER FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| | DATE:    October 11, 2005 |
| vs. | TIME:    2:00 p.m. |
| | CRTRM.:  1575 (Roybal) |
| KYE SOON CHUNG, et al., | |
| Defendants. | |

///
///
///
///

1

## I. Introduction

Cross-motions for summary judgment came on for hearing in this adversary proceeding on August 2, September 6 and October 11, 2005. The court, having considered the moving papers on both sides, evidence presented by the parties, oral arguments of counsel, and the pleadings and files in this adversary proceeding and the underlying case, and good cause appearing therefor, makes the following findings and conclusions.

## II. Relevant Facts

On September 20, 1994 Martha Nevens, as trustee of the Martha Nevens trust ("the trust"), obtained judgment in the San Bernardino County Superior Court against debtors Kye Soon Chung and Hong Ja Chung on a jury verdict. The judgment provided for judicial foreclosure on a deed of trust in the sum of $240,000 plus foreclosure costs, and a judgment for fraud in the sum of $290,000. The judgment included costs in the amount of $12,341.94 and attorneys fees in the amount of $35,657. The court found that the compensatory damages and foreclosure costs were secured by the deed of trust set forth in the complaint in that action. Interest accrued on the state court judgment at ten percent per annum from the date of entry to the date of the bankruptcy filing, (a period of more than four years). A copy of this judgment is attached.

The court further found:

> Defendants Kye Soon Chung and Hong Ja Chung are not persons against whom a deficiency judgment may be ordered and are not personally liable for payment of the sum secured by the deed of trust as set forth in paragraph 1 hereof. However, defendants Kye Soon Chung and Hong Ja Chung shall remain personally liable for the amount of the judgment for fraud entered against them set forth in paragraph 2 hereof and for the judgment for costs entered against them as set forth in paragraph 4 hereof.

The property was sold in a judicial foreclosure sale on February 15, 1995. The

certificate of sale indicates that Martha Nevens bid $500 as the highest bid at the foreclosure sale. Because she was making a credit bid, she was able to bid at least $345,419.38 on the basis of the judgment, without paying any cash to support her bid. Any other prospective purchaser would have had to bid more than this amount to overbid her.

Debtors filed this bankruptcy case on January 27, 1999, and received a discharge in due course. Plaintiff Lawrence C. Nevens ("Nevens"), is successor to Martha Nevens as trustee of the trust.

Nevens brought this adversary proceeding against the debtors alleging that the state court judgment is nondischargeable based on fraud under Bankruptcy Code § 523(a)(2)(A). The question for determination by this court is how much of the state court judgment has been discharged, and how much is nondischargeable under the fraud judgment.

### III. Analysis

Exceptions to discharge are construed strictly against a creditor and liberally in favor of a debtor to effectuate the fresh start policy of the bankruptcy code. *See, e.g., Gleason v. Thaw*, 236 U.S. 36 (1915); *In re Lochrie*, 78 B.R. 257, 259 (9th Cir. BAP 1987). The burden of proof is on the creditor to prove the applicability of the exception to discharge. *See Grogan v. Gardner*, 498 U.S. 279, 291 (1991).

Pursuant to these principles, the court presumes that the $290,000 fraud judgment overlaps the $240,000 foreclosure judgment. The court further presumes that the foreclosure sale discharged the $240,000 portion of the state court judgment. Plaintiff has failed to rebut these presumptions.

#### A. *Rooker-Feldman* Doctrine

Nevens claims that review of the state court judgment in this court is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District*

*of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine is a narrow doctrine that applies only where the purpose of the federal litigation is to attack a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Industries*, 125 S. Ct. 1517, 1522-27 (2005).

The court finds that the *Rooker-Feldman* doctrine is not applicable in this case. This doctrine does not prevent a federal court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. *See id*. If a federal plaintiff presents an independent claim supporting federal jurisdiction, preclusion based on the state court judgment may apply, but *Rooker-Feldman* does not. *See id.* at 1527.

Where federal litigation is not filed for the purpose of attacking the result of state court litigation, the *Rooker-Feldman* doctrine is not applicable. *See id.* The United States Supreme Court stated in *Exxon Mobil*:

> If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*Id.* at 1528 (quotations and citations omitted).

This is a bankruptcy case. Bankruptcy is an independent basis for federal jurisdiction, with consequences far beyond the results of a single state court lawsuit. By filing a bankruptcy case, a debtor submits all of the debtor's assets (except those that are exempt from execution under state law) to the bankruptcy court for distribution to creditors, and submits all of the debts owing to creditors to the administration of the court. *See, e.g., Gardner v. New Jersey*, 329 U.S. 565, 574 (1946). No evidence is presented that this case was filed principally or solely to attack the results of the San Bernardino state court litigation. In consequence, the *Rooker-Feldman* doctrine is inapplicable.

**B. Overlap of Damages Awarded by State Court**

The court finds that the state court judgment does not make clear whether and to what extent the $240,000 judgment, to be discharged at least in part by the foreclosure sale, is included in the calculation of $290,000 in fraud damages. The plaintiff has the burden of rebutting the presumption on this issue, that the $240,000 foreclosure damages are part of the $290,000 fraud damages.

The state court judgment stated:

> Any amount allocated to compensatory damages under paragraph (a)(1) herein shall decrease the amount of the award to plaintiff under paragraph 2 hereof for fraud in a like amount and shall constitute a partial satisfaction of judgment in such amount.

The court infers from the foregoing language in the judgment that the trial court did in fact intend that the $240,000 foreclosure judgment would be subtracted from the $290,000 in fraud damages, and that the fraud judgment would be for the remainder.

Furthermore, the writ of sale, filed on December 14, 1994, stated that the "total judgment" owing to Nevens was $345,141.58, which included post-judgment interest in the amount of $7,135.64. The notice of levy thereunder, recorded and filed on December 28, 1994, stated that the amount necessary to satisfy the judgment creditor's judgment (including daily interest from the date of the writ of sale until the date of levy) was $345,419.38.

Both of these computations treat the $240,000 foreclosure judgment as a part of the $290,000 fraud judgment. Both of these documents indicate that they were prepared by counsel for Martha Nevens. The court treats each of these documents as an admission that the $240,000 foreclosure amount is part of the $290,000 fraud judgment. These documents support the court's presumption on this issue.

The court has invited Nevens to present evidence from the state court trial that would rebut the presumption that the $290,000 fraud judgment overlaps the $240,000 foreclosure damages. Nevens could have shown that evidence was admitted in the state

court trial that could have supported a separate award of $290,000 in fraud damages.[1]

Nevens has provided no admissible evidence to rebut the presumption of overlap of the two amounts. Admissible evidence of state court trial proceedings must be in the form of a transcript. No such evidence of what was admitted in the state court trial has been offered in this adversary proceeding. Thus Nevens has failed to rebut the presumption and the evidence that the discharge of the $240,000 debt reduces the fraud damages *pro tanto*.

In addition, Nevens has provided no basis for the court to find that the state court award of $85,657 on attorneys' fees and $12,000 in costs nondischargeable. Nevens has provided no evidence linking these amounts to the $50,000 remaining of the fraud judgment, as opposed to the $240,000 foreclosure judgment. The court concludes that the costs and attorneys fees are both dischargeable, and are discharged in this case.

### C. Foreclosure Sale

Nevens asks this court to credit only the actual bid of $500 that Martha Nevens made at the foreclosure sale against the total indebtedness in this case, and to find that the entire remainder is nondischargeable. The court finds that this calculation is not correct.

If the trial court had stated that the fraud judgment was $290,000, minus the amount realized at the foreclosure sale, the court could arrive at such a conclusion. However, the state court judgment did not say this. The state court specifically awarded for the foreclosure the sum of $240,000 plus foreclosure costs. The court cannot ignore the $240,000 part of this judgment. The court concludes that the entire judgment of $240,000 for foreclosure is discharged.

---

[1] Nevens correctly points out that it would be improper to obtain evidence from members of the jury on this issue.

## IV. Conclusion

For the foregoing reasons, concludes that the $240,000 portion of the judgment plus the costs and attorneys' fees are discharged. The court finds that Nevens is entitled to judgment that $50,000 of the state court judgment, plus interest accruing thereon at ten percent from the date of judgment to the date of the bankruptcy filing, is nondischargeable.

DATED: November 22, 2005

_____
SAMUEL L. BUFFORD
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF MAILING

I certify that a true copy of this **ORDER FOR SUMMARY JUDGMENT** was mailed on __11-23-05__ to the parties listed below:

U.S. Trustee's Office
725 So. Figueroa St., Suite 2600
Los Angeles, CA 90017

Andrew E. Smyth
4929 Wilshire Blvd., Suite 988
Los Angeles, CA 90010

Lawrence I. Washor
Washor & Associates
11150 W. Olympic Blvd., Suite 980
Los Angeles, CA 90064

David A. Gill
Diamond & Kollitz
2029 Century Park East, 3rd Fl.
Los Angeles, CA 90067-2904

DATED: 11-23-05

_____
DEPUTY CLERK